UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN HARPLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:12-CV-099 JD APR |
| ) | |
| HANCO, INC. D/B/A/ CLASSICO SEATING, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff Brian Harpling's Motion for Default Judgment [DE 7]. Mr. Harpling filed his complaint on March 9, 2012, and the defendant was served on March 12, 2012. *See* DE 1, 4. The defendant failed to appear or answer the complaint, and on September 25, 2012, Mr Harpling moved for, and the clerk entered, default against Hanco, Inc. d/b/a Classico Seating. *See* DE 5, 6. On October 2, 2012, Mr. Harpling filed the instant motion for default judgment.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend, *see* Fed. R. Civ. P. 55(a), and the clerk has done so already in this case. [DE 6].

Harpling now asks the court to complete the process by entering a default judgment under

Rule 55(b)(2). A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007), and the court exercises its discretion in choosing whether to grant such relief. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). Factors to consider include: (1) the amount of money potentially involved; (2) whether material issues of fact or issues of substantial public importance are present; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay involved; and (5) whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice and Procedure: Civil* § 2685 (3d ed.); *see Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In considering a motion for default judgment, our circuit follows the rule that "the well-pleaded allegations of the complaint relating to liability are taken as true[.]" *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246 (7th Cir. 1990) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Of course, pleadings that are "no more than conclusions" are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). This includes legal conclusions couched as factual allegations, *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010), as well as "threadbare recitals of a cause of action's elements, supported by mere conclusory statements[.]" *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But those which are well-pleaded will be accepted. Beyond that, the court may investigate any matter necessary, including establishing the truth of any allegation by evidence, in order to aid its decision. Fed. R. Civ. P. 55(b)(2). Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are

sufficient to establish a legal claim. On the other hand, while the well-pleaded allegations of the complaint with respect to *liability* are taken as true, the amount of *damages* must still be proved. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

Based on the well-pleaded allegations and the affidavit of Mr. Harpling submitted with the motion to clerk's entry of default, Harpling is entitled to default judgment in this case for the sum certain he alleges in his complaint, states in his affidavit, and requests in his motion for default judgment. First, he alleges that he is a Nevada resident and that Hanco is an Indiana corporation, and that the amount of damages claimed is more than $75,000, giving this Court diversity jurisdiction over these state law contract claims. *See* DE 1. ¶¶ 1–4. Second, he states in his affidavit that he entered into an agreement (or a series of agreements) with the defendant under which he was to be paid commissions based on the sales of seats and chairs distributed by the defendant. DE 5-1 ¶ 3. He alleges that the commission was to be 10 percent of the gross sales price except where the parties agreed to a different percentage for a particular sale. *See id*. Finally, he lists in his affidavit a series of transactions in which the defendant breached the agreement by failing to pay all or part of the agreed percentage commission in each transaction. *See id.* ¶ 4. The affidavit recounts the date of each transaction, the amount of the gross sale, the specific percentage applicable to that transaction, the amount (if any) that the defendant paid, and the remaining amount owed. *Id.* The affidavit and complaint both indicate that the sum of the amount owed on each transaction is $100,150.52.[1] Thus, the well-pleaded allegations of the Complaint make out a breach of contract by the defendant and damages owing in the amount of $100,150.52..

---

[1] The Court notes that by its own calculation, the sum total of the amount owed is $100,151.24, slightly higher than the plaintiff claims. Because the plaintiff has only alleged or moved for damages in the amount of $100,150.52, the Court will award the lesser amount—which, in any event, is a discrepancy of only $0.72.

## CONCLUSION

The plaintiff's motion for default judgment [DE 7] is hereby **GRANTED**. Judgment will be entered in the plaintiff's favor in the amount of $100,150.52.

SO ORDERED.

ENTERED:  April 5, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court

4